FILED
CLERK
9/14/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------X

EVA ROBERTS,

*Plaintiff,*

-against-

RIVERHEAD CENTRAL SCHOOL DISTRICT,

*Defendant.*

-------------------------------------------X

**ORDER**
2:26-cv-03791 (SJB)(JMW)

**A P P E A R A N C E S:**

Gerald Stephen Smith
**Silverman And Associates**
445 Hamilton Avenue
Suite 1102
White Plains, NY 10601
*Attorney for Defendant*

*No further appearances*

**WICKS**, Magistrate Judge:

Eva Roberts ("Plaintiff") commenced this action on June 24, 2026, against Riverhead Central School District ("Defendant"). (ECF No. 1.) Plaintiff was employed by Defendant as a school bus monitor and alleges claims for (i) retaliation in violation of N.Y. Civil Service Law § 75-b (Public Employee Whistleblower Protection), and (ii) retaliation in violation of the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (*See generally*, ECF No. 1.) This case is in its nascent stage and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motion to dismiss. Therefore, before the Court is the Defendant's Motion to Stay Discovery (ECF No. 15), which is unopposed by Plaintiff after opportunity was afforded to file opposition (*see* Electronic Order dated 9/1/2026).[1] For the

[1] Plaintiff did jointly write to the Court with Defendant to seek a stay. (ECF No. 14.) However, the Court

reasons stated herein, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 15) is **GRANTED**.

## THE LEGAL FRAMEWORK

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-CV-05184 (GRB)(JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB)(JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (internal citation omitted). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No.

---

denied that application with leave to renew with a filing that addressed the required factors. (See Electronic Order dated 8/28/2026.) In this renewed application, Defendant notes that "[a]lthough the prior request for a stay was submitted jointly by both parties, the parties have since conferred and Counsel for Plaintiff has advised the undersigned that Counsel can no longer join in this request due to a disagreement regarding the likelihood of success of Defendant's motion." (ECF No. 15 at 1 n.1.)

21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

## ANALYSIS

Consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendant has preliminarily shown through its pre-motion conference letter, and the instant motion that a majority of Plaintiff's claims are unmeritorious and are unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] (*See* ECF Nos. 13, 15) *Second*, the breadth of discovery, should it proceed, could be burdensome and a stay would alleviate any burden that Defendant argues. And *third*, given the current posture of this case, the risk of unfair prejudice to Plaintiff is usually deemed low. Each of these factors is considered below.

### *I. Defendants' Showing that Plaintiff's Claims are Unmeritorious*

Defendants are preparing to move to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and argue that many of the allegations are time barred. (*See generally,* ECF Nos. 13, 15.) Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain

[2] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed or filed. The analysis is done solely for the purpose of determining whether a discretionary stay is appropriate pending resolution of the anticipated motion to dismiss.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.”)). Complaints are properly dismissed where, as a matter of law, “the allegations in a complaint, however true, could not raise a claim of entitlement to relief.” *Twombly*, 550 U.S. at 558.

First, Plaintiff's Complaint alleges two claims. A review of the pre-motion conference letters as well as the instant motion illustrates that the majority of Plaintiff's claims are likely to result in dismissal, warranting the stay at this stage. (*See* ECF Nos. 13, 15-16) Defendant avers that each claim fails on its face (ECF Nos. 13, 15), while Plaintiff maintains that she has met the requisite pleading standing (ECF No. 16.)

As for Plaintiff's First Amendment Retaliation claim, “[t]o survive summary dismissal, a plaintiff asserting [a] First Amendment retaliation claim [ ] must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.” *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 106–07 (2d Cir. 2001) (quoting *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001)); *Grande v. Hartford Bd. of Educ.*, No. 24-CV-00010 (SFR), 2025 WL 2604033, at *8 (D. Conn. Sept. 9, 2025) (same).

Here, Plaintiff contends she spoke as a private citizen at the April 8, 2025, Board of Education meeting, where Plaintiff spoke on the failure to safely transport students with disabilities and deficient training of transportation employees, which was protected speech. (ECF No. 1 at ¶¶ 72-74.) Following this, she experienced retaliation. First, on April 11, 2025, Defendant issued a written reprimand threatening discharge, then on June 4, 2025, reprimand as well as unpaid time off, and finally, the termination of Plaintiff's employment on June 30, 2025, which were all allegedly “motivated, at least in part, by Plaintiff's exercise of her First

Amendment rights." (*Id.* at ¶¶ 75-76.) While "speech of a public employee is protected by the First Amendment when the employee speaks as a citizen on a matter of public concern, rather than pursuant to his employment responsibilities[,]" the concerns stated at the meeting are quite close to Plaintiff's prior employment. *Specht v. City of New York*, 15 F.4th 594, 599–600 (2d Cir. 2021) (internal citations omitted). Plaintiff was a school bus monitor and raised concerns about the safety of transporting students and the training thereto. *See Levine v. New York City Dep't of Educ.*, No. 24-CV-01110 (JHR) (RFT), 2025 WL 1042309, at *9 (S.D.N.Y. Jan. 17, 2025), *report and recommendation adopted*, No. 24-CV-1110 (JHR) (RFT), 2025 WL 958493 (S.D.N.Y. Mar. 31, 2025) (quoting *Matthews v. City of New York*, 779 F.3d 167, 174 (2d. Cir. 2015) ("A public employee's speech falls outside his official duties when it is 'neither part of his job description nor part of the practical reality of his everyday work.'")). Thus, it is unlikely that the speech was protected.

Plaintiff also brings a retaliation claim under New York Civil Service Law § 75-b, alleging the same as the above and that Plaintiff's removal from her position led her to suffer harm. (*See* ECF No. 1 at 1, 9-11.)

> In order to state a retaliation claim under Section 75–b, a plaintiff must allege (1) an adverse personnel action; (2) disclosure of information to a governmental body [regarding an improper governmental action], and (3) a causal connection between the disclosure and the adverse personnel action. Improper governmental action is conduct which is in violation of any federal, state or local law, rule or regulation.

*Balchan v. City Sch. Dist. of New Rochelle*, No. 21-CV-04798 (PMH), 2023 WL 4684653, at *8 (S.D.N.Y. July 21, 2023) (internal citations and quotations omitted).

Plaintiff alleges that she made disclosures of improper actions of the Defendant, suffered an adverse action through the Defendant's disciplinary actions leading to her termination, and that the former was causally connected to the disclosure. (ECF No. 1 at ¶¶ 60-67.) At this stage, it appears this claim is sufficiently pleaded. *See Balchan*, 2023 WL 4684653, at *8 (finding that

the plaintiff pled enough under the statute for similar reasons). However, Defendant asserts that this claim is time-barred under N.Y. Educ. Law § 3813. (ECF No. 13 at 3.) New York's Education Law which governs claims "against the governing body of any school district" states that "no action or special proceeding shall be commenced against any entity … more than one year after the cause of action arose." N.Y. Educ. Law § 3813(2-b). Plaintiff asserts that accrual begins from her termination on June 30, 2025, less than a year from the commencement of this action. (ECF No. 16 at 3; *see also* ECF No. 1 at ¶¶ 4, 55.) With that, some of the allegations may survive dismissal while the prior allegations before termination may be time-barred.

Accordingly, as the majority of the claims could result in dismissal, this factor weighs *in favor* of granting the stay.

### *II.* ***Breadth of Discovery***

In the absence of a stay, the parties will have to conduct all fact discovery, which will involve document production as well as written discovery, depositions including that of non-parties and possible expert discovery based on Plaintiff's emotional damage claims. (ECF No. 15 at 2.) Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER)(JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the Complaint. (*See* ECF Nos. 13, 15.) Based on the above, considering the breadth of discovery, this factor weighs in *favor* of granting the stay.

### *III.* ***Risk of Unfair Prejudice***

This case is in its early stages. The Complaint was filed on June 24, 2026, and the Court has not held an Initial Conference. It appears no discovery has taken place. (See ECF No. 15 at 2.) "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA)(JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. See *Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation). Indeed, the absence of opposition shows that any potential risk is deemed low.

Accordingly, a careful consideration of the relevant factors demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 15) is **GRANTED**.

Dated: Central Islip, New York
September 14, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge